THE STATE, JOHN S. PERSHINE, prosecutor, *vs.* CHARLES T. GREY, Treasurer of Newark.

1. Under the act of March 3d, 1854, (*Nix. Dig.* 801,) real estate in the city of Newark, owned by persons residing in other townships in the same county, is liable to taxation for the full valuation thereof, without any deduction for mortgages thereon held in that city.

2. The party assessed, upon making application to the assessor or commissioners of appeal for that purpose, and presenting a sufficient affidavit, is entitled to have his debts owing in the state deducted from his property, both real and personal; but if he neglect to make such affidavit, he cannot correct the assessment by *certiorari*.

*Certiorari* in matter of taxation.

VAN DYKE, J.   John S. Pershine, the prosecutor in this writ, is a resident of the township of Clinton, in the county of Essex.   He is the owner of real estate in the city of Newark, which is encumbered by mortgages held and owned by residents of Newark.   These lands have been assessed and taxed by the assessor of Newark at their full value, regardless of the mortgages by which they are encumbered, while the mortgages themselves have also been assessed and taxed in the hands of the owners thereof, no deduction having been made by the assessor from the tax assessed against the lands on account of the mortgages by which they were then encumbered; and the question submitted to the court, as reduced to writing by the counsel, is, " to test by this *certiorari* the question whether, when real estate in Newark, owned by residents of other townships in the county, is subject to mortgages held in said city, such real estate shall be taxed at its full value, or only at its value after deducting such mortgages."

The tax law of March 3d, 1854, is very explicit in requiring that all real estate shall be taxed at its actual value, and that it shall be taxed in the township where it lies.   This law is equally explicit in requiring that all

bonds and mortgages, or the debts thereby secured, shall also be taxed in the hands of their owners, wherever within the limits of the state such owners may live; and I see no way of avoiding the conclusion that the lands themselves, as well as the debt which the mortgage upon them secures, must both be taxed, in the first instance, to the extent of their actual value in the hands of their respective owners, and without any deduction made therefrom, unless it occurs in the manner hereafter mentioned. By the 7th section of the act, it is provided that when the mortgage-holder shall *not* reside in the same township or county where the mortgaged premises lie, then the tax on the money secured by the mortgage shall be assessed against and paid by the mortgagor in the township where the lands lie; but in such case he may deduct it again from the interest due on the mortgage, when he comes to pay the same to the mortgage holder. But this is simply a question between the mortgagor and the mortgagee, of which the former may avail himself or not, as he thinks proper; but it shows clearly enough that the assessor cannot make this deduction. No part of this provision, however, applies to the case before us, for here the mortgages *are* held by persons who *do* reside in the same township in which the lands lie, and therefore the process referred to in the 7th section does not operate at all. The distinction made by this proviso was in substance repealed by the 75th section of the charter of the city of Newark, in March, 1857; but that section was rendered nugatory by the supplement to the charter passed in the same year, so that the law, in this respect, stands the same as it did in the act of 1854.

Aside from the proviso referred to, it is manifest there is more importance attached to the word "mortgage" than it is entitled to. The mortgages are not really taxed, but it is the debts which they secure that are to be taxed. The act, when specifying what personal property shall be taxed, among other things says, "*debts due* or

owing from solvent debtors, whether on contract, note, bond, or mortgage." It is the *debt* that is taxed, no matter how it arose or how it is secured. The mortgage is only a security for the payment of the debt; and the rights of all the parties, so far as the mode of taxation is concerned, would be precisely the same as they are now if no mortgages accompanied these bonds at all. In such case the lands would be taxed in the names of the owners thereof, while the bonds which he has given unaccompanied by mortgages would also be taxable in the hands of those who held them. The two things would have no connection with each other which the assessor could take any notice of. The debts would simply be like any other debts which the land-owner might owe, and I do not see how the question before us can be changed by the fact of his giving a mortgage on his land as a pledge for the payment of such debt.

The assessor is not authorized to make any deduction from his assessment of the property of an individual, made at its full value, except in the mode mentioned in the act. He is to deduct from the full valuation of all the real and personal estate of any person the whole amount of the debts due and owing by such person, except what may be due to non-residents of the state. But how, and under what circumstances, is he to do this? It is provided for in the tenth section of the act of 1854.

It provides that if any person whose real or personal estate is liable to taxation shall, at any time before the assessor hath completed his assessments, make oath or affirmation that the value of his real and personal estate, after deducting his debts due and owing, as before mentioned, does not exceed a certain sum, specifying the same, it shall be the duty of the assessor to value such real or personal estate, or both, as the case may be, at the sums specified in the affidavit, and no more. If this is not done, the assessor can make no such deduction. But the prosecutor did not pursue this course, and therefore he is

State v. Grey.

without remedy, so far as the original making of the assessment is concerned.

The prosecutor had another remedy, which he might have pursued. The 11th section provides that where the application for deduction is not made to the assessor, according to the provisions of the tenth section, the party objecting to the assessment may make a similar application, on a like affidavit or other satisfactory proof, to the commissioners of appeal, who are required to make a reduction of the assessment corresponding with such affidavit or evidence. But the prosecutor did not pursue this course, and therefore he cannot now avail himself of it on *certiorari*. It is true that he appealed from this assessment on his land, or from the excessive amount thereof, to the commissioners of appeal, but he did not make before them, or tender to them, any affidavit of his own, or any other evidence contemplated by the act, to justify them in making the reduction, and therefore they had nothing to act upon.

I think the prosecutor might have availed himself of the relief contemplated in the 10th and 11th sections of the act in the township where he resided, by offering his affidavit or other evidence to the assessor or commissioners of appeal there, provided he had sufficient taxable property there, from the assessed value of which his debts in Newark might have been deducted; but if this could not have been done in the township of his residence, I see no reason why it could not have been done in Newark, where he was taxed for his lands. That city taxed him there on account of his lands. It claimed and exercised jurisdiction, so to speak, over him and his property, and I think if he had properly claimed the reduction there, and had tendered the proper affidavit to either the assessor or commissioners of appeal, it would have been their duty to deduct these debts from the value of his property there taxed as aforesaid; but none of these things were done, and I do not see how we can disturb the assessment.

CITED *in State* v. *McChesney, Coll.*, 6 *Vr.* 552.